IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH
CENTRAL DIVISION

| | | |
|---|---|---|
| IHC HEALTH SERVICES, INC., d/b/a INTERMOUNTAIN MEDICAL CENTER, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE NO. |
| v. | ) | 2:18-cv-667-BSJ |
| | ) | |
| SHA, LLC, d/b/a FIRSTCARE HEALTH PLANS, | ) ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT SHA, LLC'S**
**MOTION FOR SUMMARY JUDGMENT**

Defendant SHA, LLC d/b/a FirstCare Health Plans ("Firstcare") moves for summary judgment under Fed. R. Civ. P. 56 on all of Plaintiff IHC Health Services, Inc.'s ERISA claims.   The undisputed material facts show that (1) Plaintiff lacks standing to sue under ERISA because it never received a valid assignment of any rights or benefits from FirstCare member L.R., (2) FirstCare did not abuse its discretion when determining how much to pay on the health insurance benefit claims at issue, (3) Firstcare has already paid Plaintiff the full amount allowed under the applicable Evidence of Coverage for the health insurance benefit claims at issue, (4) Plaintiff's claim under 29 U.S.C. § 1132(a)(2) fails as a matter

of law because Plaintiff is not seeking any remedy on behalf of an ERISA plan, (5) Plaintiff's claim under the catch-all provision of 29 U.S.C. § 1132(a)(3) fails as a matter of law because Plaintiff is already asserting claims under §§ 1132(a)(2) and (a)(3) and Plaintiff is not seeking any equitable relief; and (6) Plaintiff's claim under § 1132(c) fails because FirstCare is not the Plan Administrator.  The Court should therefore grant FirstCare's Motion, enter judgment against Plaintiff on all claims, award Firstcare its reasonable attorneys' fees and costs, and award Firstcare any other relief the Court deems just or proper.

Respectfully submitted, this 15th day of February, 2019.

/s/ Todd D. Wozniak_____
Matthew L. Crockett
Utah Bar No. 09521
crockettm@gtlaw.com
Todd D. Wozniak
Georgia Bar No. 777275
Wozniakt@gtlaw.com
*Admitted Pro Hac Vice*
Lennon B. Haas
Georgia Bar No. 158533
Haasl@gtlaw.com
*Admitted Pro Hac Vice*

**GREENBERG TRAURIG, LLP**
Terminus 200 – Suite 2500
3333 Piedmont Road
Atlanta, GA 30305
Tel: (678) 553-2100
Fax: (678) 553-215
*Counsel for SHA, LLC,*
*d/b/a FIRSTCARE HEALTH PLANS*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH
## CENTRAL DIVISION

|                                                        |     |                                            |
|--------------------------------------------------------|-----|--------------------------------------------|
| IHC HEALTH SERVICES, INC., d/b/a INTERMOUNTAIN MEDICAL CENTER, | )<br>)<br>)<br>) |                            |
| Plaintiff,                                             | )<br>) |                                          |
| v.                                                     | )<br>) | CIVIL ACTION FILE NO.<br>2:18-cv-667-BSJ  |
| SHA, LLC, d/b/a FIRSTCARE HEALTH PLANS,                | )<br>)<br>) |                                   |
| Defendant.                                             | )   |                                            |

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 15, 2018, I electronically filed the foregoing document using Court's CM/ECF system, which will send notice of electronic filing to all counsel of record:

Marcie E. Schaap, Esq.
Joseph D. Amadon, Esq.
Marcie E. Schaap, Attorney at Law, P.C.
4760 S. Highland Drive #333
Salt Lake City, Utah  84117
marcie@marcieeschaap.com
joe@marcieeschaap.com

This 15th day of February, 2018.

*/s/ Todd D. Wozniak*      
Todd D. Wozniak

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH
## CENTRAL DIVISION

IHC HEALTH SERVICES, INC., d/b/a    )
INTERMOUNTAIN MEDICAL    )
CENTER,    )
    )
    Plaintiff,    )
    )    CIVIL ACTION FILE NO.
v.    )    2:18-cv-667-BSJ
    )
SHA, LLC, d/b/a FIRSTCARE HEALTH    )
PLANS,    )
    )
    Defendant.    )

## DEFENDANT SHA, LLC'S BRIEF IN SUPPORT OF ITS
## MOTION FOR SUMMARY JUDGMENT

In its three count First Amended Complaint, Plaintiff asserts claims for (1) benefits allegedly due under the terms of a group medical benefits plan funded through an evidence of coverage ("EOC"), pursuant to 29 U.S.C. § 1132(a)(1)(B); (2) breach of fiduciary duty under 29 U.S.C. § 1132(a)(2) and/or 29 U.S.C. § 1132(a)(3); and (3) statutory penalties for allegedly failing to provide the EOC and other plan documents to Plaintiff. [Doc. 14].[1] Plaintiff's claims all fail as a matter of law and should be dismissed.

---

[1]  All record citations are to the document and page numbers imprinted by the Court's docketing software except where otherwise noted.  Each document cited appears in FirstCare's Appendix of Evidence.

## STATEMENT OF UNDISPUTED MATERIAL FACTS

In 2015, L.R. visited Utah for a religious mission.  [Doc. 14 at 3].  A car hit him on July 3, 2015, breaking his right leg and clavicle.  [Doc. 25-6 at 22].  After the accident, L.R. "was brought to the emergency room" at Plaintiff's hospital, where he underwent surgery on his leg.  *Id.*  He remained at the hospital until July 9, 2015, at which time he was discharged.  [Doc. 25-8 at 2].  A week later, L.R. returned to the hospital for a second operation after a standard follow-up visit on July 13, 2015 revealed a more severe clavicle fracture than initially believed. [Doc. 25-19 at 6].

At the time of his Utah accident, L.R. was a covered beneficiary of the EOC (L.R.'s mother worked for a church that contracted with FirstCare).  The EOC provides for certain medical benefits through a health maintenance organization and, in most situations, it provides no benefits for medical care obtained from an out-of-network medical services provider.  [Doc. 25-1 at 7] ("The provider must be a Participating Provider at the time the service is rendered" in order for the EOC to cover a service).  Plaintiff is not a "Participating Provider" as the Plan has no in-network providers in Utah.  [Doc. 20-1 at 3].

The EOC, however, provides coverage for some emergency and some Out-of-Area urgent care services even when "those services are not provided by a

- 2 -

Participating Provider."  [Doc. 25-1 at 31].  In relevant part, "[e]mergency care means health care services provided in a Hospital emergency facility . . . to evaluate and stabilize medical conditions of a recent onset and severity" such that a reasonable person would believe the condition needed immediate treatment.  *Id.*

When a beneficiary receives emergency or Out-of-Area urgent care from an out-of-network provider, the EOC provides that FirstCare "will pay [the] Non-Participating Provider Reimbursement (NPPR) Amount for care received from Non-Participating Providers" like Plaintiff.  [Doc. 25-1 at 33].  NPPR is defined as the amount that would be paid by Medicare for the same services (a/k/a "100% of Medicare").  [Doc. 25-1 at 65].

The EOC contains an express anti-assignment clause which prohibits beneficiaries from assigning their rights or benefits under the EOC without FirstCare's express written consent.  [Doc. 25-1 at 58] ("This Evidence of Coverage is not assignable by You, Your Dependents, if any, or Your Group without the written consent of FirstCare.  Likewise, the coverage and benefits provided by this Evidence of Coverage are not assignable without the written consent of FirstCare.").  FirstCare never provided written consent for L.R. to assign any benefits or rights under the EOC to Plaintiff and Plaintiff does not allege otherwise.

- 3 -

Nevertheless, when Plaintiff presented its invoices to Firstcare, Firstcare reviewed them and paid Plaintiff $18,577.67 for L.R.'s July 3, 2015 – July 9, 2015 visit to Plaintiff's hospital, with L.R. remaining responsible for $2,440 of allowed charges, all of which consisted of co-pays and deductible.  [Doc. 25-11 at 4-5].  That amount is the amount that Firstcare determined Medicare would have paid for the same services.  [Doc. 25-11 at 3-4; Feb. ___ Decl. of Adolfo Valadez at ¶¶ 10-12 ("Valadez Decl"), Appendix of Evidence Ex. A].

Firstcare also made a payment to Plaintiff for L.R.'s second hospital stay on July 16, 2015.  That time, FirstCare paid Plaintiff $5,545.56.  [Doc. 25-12 at 4-5].  Once again, FirstCare paid the amount that Firstcare determined Medicare would have paid for the same services less any deductibles and co-pays owed by L.R..  [Doc. 25-12 at 2; Valadez Decl. at ¶¶ 13-15].

## ARGUMENT

### A.    Summary Judgment Standard

"[S]ummary judgment is proper if, viewing the evidence in the light most favorable to the non-moving party, there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  *Patel v. Hall*, 849 F.3d 970, 978 (10th Cir. 2017) (quotes omitted); *see* Fed. R. Civ. P. 56(a).  Although "[a]ll disputed facts must be resolved in favor of the party resisting

summary judgment," *White v. Gen. Motors Corp.*, 908 F.2d 669, 670 (10th Cir. 1990), "summary judgment may be warranted if the movant points out a lack of evidence to support an essential element of" claims on which the nonmovant bears the burden of persuasion at trial. *Patel*, 849 F.3d at 978 (quotations omitted). Indeed, "[u]nsubstantiated allegations carry no probative weight in summary judgment proceedings." *McCoy v. Meyers*, 887 F.3d 1034, 1044 (10th Cir. 2018).

### B.   Plaintiff Lacks Standing to Pursue Any ERISA Claim.

Plaintiff has no standing to pursue any ERISA claims. ERISA's civil enforcement provision permits "participants" or "beneficiaries" to bring suit to recover benefits due under a plan or insurance policy, sue for a breach of fiduciary, or sue to enforce the disclosure provisions of ERISA. *See* 29 U.S.C. § 1132(a), (c). "IHC is neither a participant in the Plan nor a beneficiary of the Plan, so any claim to relief would necessarily be based upon its claimed status as a valid assignee of a participant or beneficiary." *IHC Health Sys. v. Railserve Emps. Benefits Plan*, No. 2:06-CV-588 TS, 2007 U.S. Dist. LEXIS 77988, at *7 (D. Utah Oct. 19, 2007).

ERISA leaves "the assignability of benefits to the free negotiations and agreement of the contracting parties." *St. Francis Reg'l Med. Ctr. v. Blue Cross & Blue Shield of Kansas, Inc.*, 49 F.3d 1460, 1464 (10th Cir. 1995); *see also Railserv*, 2007 U.S. Dist. LEXIS 77988, at *8. Here, as in *Railserv*, "[i]t is undisputed that

the Plan contains anti-assignment language." *Railserv*, 2007 U.S. Dist. LEXIS 77988, at *8; [Doc. 25-1 at 58].   It is also undisputed that Firstcare "never consented to an assignment of benefits between IHC and [L.R.]." *Railserv*, 2007 U.S. Dist. LEXIS 77988, at *8.  "As in *St. Francis*," then, "the anti-assignment clause precludes IHC's maintenance of this ERISA action." *Id.*

## C.   Plaintiff's Claims For Benefits Fail As a Matter of Law.

### 1.   *Plaintiff Cannot Show That FirstCare Abused Its Discretion*

When health insurance plans grant plan administrators discretion to construe the plan and make factual determinations involving benefits and rights, the administrator's determination is reviewed under an arbitrary and capricious standard of review. *See Conkright v. Frommert*, 559 U.S. 506, 509 (2010); *Geddes v. United Staffing All. Employee Med. Plan*, 469 F.3d 919, 923 (10th Cir. 2006). When a plan grants its administrator discretion, the plaintiff bears the burden of proving that the administrator's determination was arbitrary and capricious based on the record considered at the time of decision. *See Hall v. UNUM Life Ins. Co. of Am.*, 300 F.3d 1197, 1201 (10th Cir. 2002).  In applying this deferential standard of review, a court cannot disturb an administrator's decision simply because it would reach a different conclusion; rather, the decision may only be reversed if the

court finds that the decision lacked "any reasonable basis." *Geddes*, 469 F.3d 919 at 929.

In the context of emergency and Out-of-Area urgent care, like the care provided to L.R., the EOC provides that Firstcare will pay the NPPR Amount which is the "amount [Firstcare] will consider for eligible medical care from Non-Preferred providers. *We determine* this amount based on the payment methodology established by Medicare." [Doc. 25-1 at 65 (emphasis added)]. Like *Geddes*, where the plan gave its administrator discretion to make benefits payment decisions, FirstCare had discretion to determine the amount Medicare would pay for the same services. FirstCare reasonably exercised that discretion by obtaining Medicare payment data from a third-party vendor and paid Plaintiff the amount it determined Medicare would pay for the services. At bottom, Plaintiff has not and cannot show that Firstcare abused its discretion. Summary judgment should therefore be granted on Plaintiff's claims for benefits. *Geddes*, 469 F.3d 919 at 929.

## 2.   *Plaintiff Received All Benefits Due Under the EOC.*

Plaintiff is entitled to no relief because it already received all benefits due L.R. under the Plan. When a Plan beneficiary receives emergency care or Out-of-Area urgent care, the EOC provides that FirstCare "will pay NPPR for care

received from Non-Participating Providers" like Plaintiff.  [Doc. 25-1 at 33].  The NPPR Amount is the amount Firstcare determines Medicare would pay for the same services.  [*Id.* at 65].

Plaintiff received payments for all services provided L.R. at a rate equal to 100% of the Medicare rate.  [*See* Valadez Decl. at ¶¶ 9-15].  FirstCare sent the diagnosis codes that IHC provided in its benefits claims to Webstrat, a third-party pricing service.  [*See* Valadez Decl. at ¶ 10].  In accordance with the EOC, Webstrat then priced the codes that IHC provided at 100% of Medicare.  [[*See* Valadez Decl. at ¶ 11].  That came to $21,017.67 for the July 3-9, 2015 services, and $5,845.56 for the July 16-17, 2015 services.  [*See* Valadez Decl. at ¶¶ 11, 13].

Less copays and deductibles owed by L.R. under the EOC, FirstCare paid IHC 100% of Medicare for the billing codes that IHC submitted, an amount that totaled $24,123.23.  Firstcare thus paid Plaintiff the full amount required by the EOC (less co-pays and deductibles owed by L.R.) and Plaintiff is not entitled to any additional payments from Firstcare.

**D.    Plaintiff's Breach of Fiduciary Duty Claim Under ERISA § 502(a)(2) Fails Because Plaintiff Seeks No Remedy on Behalf of an ERISA Plan.**

Fiduciary breach claims asserted under ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2), are brought on behalf of an ERISA plan and must seek remedies that

would exclusively benefit the Plan. *See Walter v. Int'l Assn of Machinists Pension Fund*, 949 F.2d 310, 317 (10th Cir. 1991) ("Under [§ 1132(a)(2)], a fiduciary who breaches his fiduciary duty is liable to the plan—not to the beneficiaries individually"); *see also Alexander v. Anheuser-Busch Companies, Inc.*, 990 F.2d 536, 540 (10th Cir. 1993) (noting that "§ 1132(a)(2) does not authorize a participant or beneficiary to bring a private right of action for damages to redress a breach of fiduciary duty").

In *Lenhart v. Air America, Inc.*, for example, this Court dismissed a claim under § 1132(a)(2) because it was "merely an alternative means of recovering individual benefits, which Plaintiffs [could] appropriately bring against the proper parties under § 1132(a)(1)(B)." No. 2:03CV429DAK, 2003 WL 23355737, at *4 (D. Utah Dec. 10, 2003). The same is true here. Plaintiff seeks no remedies on behalf of the EOC or any other ERISA plan. Instead, Plaintiff seeks only to be paid additional money. Such a claim is not cognizable under ERISA § 502(a)(2) and must be dismissed. *Walter*, 949 F.2d at 317; *Lenhart*, 2003 WL 23355737, at *4.

### E. Plaintiff's Breach of Fiduciary Duty Claim Under ERISA § 502(a)(3) Fails Because Plaintiff Has an Adequate Remedy Under ERISA § 502(a)(1)(B) and Seeks No Equitable Relief.

ERISA § 502(a)(3) is a catch-all provision that provides for equitable relief to enforce the terms of ERISA or a Plan only when no other remedial provision of ERISA provides adequate relief. *See U.S. Airways v. McCutchen*, 569 U.S. 88, 100 (2013) (holding that section 1132(a)(3) "does not, after all, authorize appropriate equitable relief at large…; rather, it countenances only such relief as will enforce the terms of the plan or the statute"); *Varity Corp. v. Howe*, 516 U.S. 489, 512 (1996) (observing that 1132(a)(3) is a "catchall provision acting as a safety net, offering appropriate equitable relief for injuries caused by violations that [29 U.S.C. § 1132(a)] does not elsewhere adequately remedy"); *Felix v. Lucent Techs., Inc.*, 387 F.3d 1146, 1163 (10th Cir. 2004) (describing § 1132(a)(3) as "the catch-all provision").  In other words, when other ERISA provisions provide adequate remedies, § 1132(a)(3) has no room to operate. *See Lefler v. United Healthcare of Utah, Inc.*, 72 F. App'x 818, 826 (10th Cir. 2003) (holding that "consideration of a claim under 29 U.S.C. § 1132(a)(3) is improper when" a plaintiff states a cognizable claim under § 1132(a)(1)(B) even if the plaintiff ultimately fails to recover anything under § 1132(a)(1)(B)).

Here, Plaintiff seeks benefits under the terms of the EOC, not equitable relief. [*See* doc. 14 at 7 (seeking as relief for FirstCare's alleged violation of § 1132(a)(3), "payment of medical expenses [Plaintiff] incurred in treating L.R."). In fact, Plaintiff specifically alleges that "[t]he actions of [FirstCare] in breaching its fiduciary duties under ERISA have caused damage to the Plaintiff *in the form of denied medical benefits*." [Doc. 14 at 6 (emphasis added)].  As in *Lefler*, those benefits, even if ultimately unavailable to Plaintiff, are adequately provided for under § 1132(a)(1)(B).  *Lefler*, 72 F. App'x at 826.  Plaintiff's § 1132(a)(3) claim thus fails as a matter of law.  *See Lefler*, 72 F. App'x at 826 ("Dismissal of the § 1132(a)(3) claim was proper as a matter of law.")

## F. Plaintiff's ERISA § 502(c)(1) Claim for Statutory Penalties Fails Because FirstCare is Not the Plan Administrator.

Under ERISA § 502(c)(1), 29 U.S.C. § 1132(c)(1), plan administrators who fail or refuse to a plan participant's or beneficiary's request for certain plan documents "may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal." *Id.; Jenkins-Dyer v. Exxon Mobil Corp.*, 651 F. App'x 810, 818 (10th Cir. 2016) ("29 U.S.C. § 1132(c)(1)(B) . . . authorizes a monetary penalty against an ERISA plan administrator who fails to comply with a request for information with respect to any single participant or beneficiary.").  "The term 'administrator,'"

in turn, means "the person specifically so designated by the plan or, if no administrator is designated, the plan's sponsor."  29 U.S.C. § 1002(16)(B).

Although Plaintiff has not identified the administrator or sponsor of the plan covering L.R., it is undisputed that FirstCare is neither.  The EOC does not designate an administrator.  [*See* doc. 25-1].  Moreover, Plaintiff—who admits that the administrative record, which lacks any mention of FirstCare as administrator, is complete—has presented no evidence that FirstCare is the plan administrator.  In fact, the plan sponsor is L.R.'s mother's employer, not FirstCare.  *See* 29 U.S.C. § 1002(16)(B) (defining plan sponsor to be the employer in the case of single employer benefit plans, the employee organization for plans maintained by such entities; and groups of representatives for plans maintained by one or more employers or employee organizations).  Being neither the plan administrator nor the plan sponsor, FirstCare cannot be liable for any statutory penalties for allegedly failing to provide Plaintiff with plan documents.  Plaintiff's § 1132(c)(1) claim therefore fails as a matter of law.

## CONCLUSION

For these reasons, FirstCare asks the Court to grant its motion for summary judgment, dismiss all of Plaintiff's claims with prejudice, and award FirstCare its attorney's fees and costs.

- 12 -

Respectfully submitted, this 15th day of February, 2019.

/s/ Todd D. Wozniak_____
Matthew L. Crockett
Utah Bar No. 09521
crockettm@gtlaw.com
Todd D. Wozniak
Georgia Bar No. 777275
Wozniakt@gtlaw.com
*Admitted Pro Hac Vice*
Lennon B. Haas
Georgia Bar No. 158533
Haasl@gtlaw.com
*Admitted Pro Hac Vice*

**GREENBERG TRAURIG, LLP**
Terminus 200 – Suite 2500
3333 Piedmont Road
Atlanta, GA 30305
Tel: (678) 553-2100
Fax: (678) 553-2154

*Counsel for SHA, LLC,*
*d/b/a FIRSTCARE HEALTH PLANS*

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH
## CENTRAL DIVISION

| | |
|---|---|
| IHC HEALTH SERVICES, INC., dba INTERMOUNTAIN MEDICAL CENTER, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) | CIVIL ACTION FILE NO. 2:18-cv-667-BSJ |
| SHA, LLC, d.b.a. FIRSTCARE HEALTH PLANS, | ) ) ) |
| Defendant. | ) |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 15, 2018, I electronically filed the foregoing document using Court's CM/ECF system, which will send notice of electronic filing to all counsel of record:

Marcie E. Schaap, Esq.
Joseph D. Amadon, Esq.
Marcie E. Schaap, Attorney at Law, P.C.
4760 S. Highland Drive #333
Salt Lake City, Utah  84117
marcie@marcieeschaap.com
joe@marcieeschaap.com

This 15th day of February, 2018.

*/s/ Todd D. Wozniak*
Todd D. Wozniak