Matthew L. Crockett, crockettm@gtlaw.com, Utah Bar No. 09521
Todd D. Wozniak, wozniakt@gtlaw.com, Georgia Bar No. 777275
Attorneys for SHA, LLC
**GREENBERG TRAURIG, LLP**
Terminus 200 – Suite 2500
3333 Piedmont Road
Atlanta, GA 30305
Tel: (678) 553-2100

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH
## CENTRAL DIVISION

| | |
|---|---|
| IHC HEALTH SERVICES, INC., dba INTERMOUNTAIN MEDICAL CENTER,<br><br>    Plaintiff,<br><br>v.<br><br>SHA, LLC, d.b.a. FIRSTCARE HEALTH PLANS,<br><br>    Defendant. | CIVIL ACTION FILE NO.<br>2:18-cv-667-BSJ |

**DEFENDANT SHA LLC'S MOTION FOR ATTORNEY'S FEES
AND BRIEF IN SUPPORT**

Defendant SHA, LLC ("FirstCare") moves for an award of attorney's fees and costs under 29 U.S.C. § 1132(g)(1). Plaintiff IHC Health Services, Inc. has conceded that it lacked standing to initiate this ERISA lawsuit. Based on a reasonable hourly rate and the hours reasonably spent on this litigation, FirstCare seeks $128,733.50 in fees.

## BACKGROUND

IHC originally sued FirstCare in Utah State Court in July 2018. (Doc. 3-1).[1] FirstCare removed the action to this Court based on ERISA preemption (doc. 3) and shortly thereafter answered. Doc. 12. As an affirmative defense, FirstCare alleged that IHC lacked standing to assert its ERISA claims because the alleged assignment of benefits was likely invalid. IHC then amended its complaint to contain only ERISA claims against FirstCare. (Doc. 14). In that amendment, IHC once again rested its standing to assert the ERISA claims on an assignment of benefits received from FirstCare's plan member. (*Id.* at 2).

The parties later conferred about the administrative record, agreed on a litigation schedule, and moved towards dueling motions for summary judgment. FirstCare produced the administrative record on November 25, 2018. (Doc. 25). The first 68 pages of it contained the Evidence of Coverage ("EOC") at issue in this case. And that, as allowed by ERISA and Utah law, prohibits assignments of benefits like the one upon which IHC predicated its standing. (Doc. 25-1 at 58 ("This Evidence of Coverage is not assignable by You, Your Dependents, if any, or Your Group without the written consent of FirstCare. Likewise, the coverage and benefits

---

[1] All record citations are to the electronic docket. All page numbers in record cites are those imprinted by the court's docketing software.

provided by this Evidence of Coverage are not assignable without the written consent of FirstCare.")).

Ten days before the scheduled hearing on the parties' cross motions for summary judgment, and almost four months after FirstCare first produced the EOC, IHC's counsel contacted FirstCare's counsel and conceded what FirstCare had been arguing all along—IHC lack standing to assert any of its ERISA claims. (Declaration of Todd Wozniak at ¶ 10, attached as Exhibit A). By that time, the parties had litigated a motion to transfer venue (docs. 20 and 21) to decision by the Court (doc. 29); filed cross motions for summary judgment (docs. 33 & 36); and FirstCare had responded to IHC's motion for summary judgment. Doc. 38. At no point through those months of motions practice, despite knowledge that the EOC prohibited assignments, did IHC address in any filing with the Court that it lacked standing. Had IHC acknowledged its lack of standing when the EOC was first produced to it as part of the administrative record, FirstCare would have been spared over one hundred thousand dollars in attorneys' fees.

## ARGUMENT

### I. THE COURT SHOULD AWARD FIRSTCARE ITS REASONABLE ATTORNEY'S FEES AND COSTS

Either party in an ERISA action may apply for an award of reasonable attorney's fees and costs. 29 U.S.C. § 1132(g)(1). "[A] fees claimant," however,

"must show some degree of success on the merits before a court may award attorney's fees under § 1132(g)(1)." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 255 (2010). Five factors guide courts' discretion to award fees and costs:

> (1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of fees; (3) whether an award of fees would deter others from acting under similar circumstances; (4) whether the party requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions.

*Lightfoot v. Principal Life Ins. Co.*, 547 F. App'x 864, 866 (10th Cir. 2013). That said, "[n]o single factor is dispositive and a court need not consider every factor in every case." *Cardoza v. United of Omaha Life Ins. Co.*, 708 F.3d 1196, 1207 (10th Cir. 2013).

IHC concedes that it lacks standing to pursue its ERISA claims against FirstCare. (Doc. 39). That ends this case with FirstCare incurring no liability on IHC's claims. That complete success on the merits alone warrants attorney's fees for FirstCare. *See Hardt*, 560 U.S. at 255. Because the applicable factors outlined above counsel an award of fees, the Court should grant FirstCare's motion and award it reasonable attorney's fees and costs.

### A.     Culpability and Bad Faith

This factor leans in favor of awarding fees. IHC conceded that it lacks standing for the first time on March 18, 2019. (*See* March 18, 2019 Email from Joe Amadon to Lennon Haas, attached as Exhibit B to Wozniak Declaration). Yet, it had all the documents and information needed to arrive at that conclusion no later than November 16, 2018, when FirstCare produced the Administrative Record. (Doc. 25). That record included the Evidence of Coverage, which confirmed FirstCare's affirmative defense that IHC lacks standing because the EOC prohibits assignments of benefits. *See St. Francis Reg'l Med. Ctr. v. Blue Cross & Blue Shield of Kansas, Inc.*, 49 F.3d 1460, 1464 (10th Cir. 1995).

But IHC never acknowledged its standing problem until shortly before the summary judgment hearing, after it had caused FirstCare to unnecessarily incur substantial fees and expenses. Instead of making a concession shortly after receiving FirstCare's Answer (when IHC incurred a duty to investigate FirstCare's assignment-related affirmative defense) and the administrative record (when IHC knew definitively that it lacked standing), IHC continued to litigate, including opposing FirstCare's motion to transfer venue, and litigating cross motions for summary judgment. Only after the briefing was complete and the hearing was imminent did IHC concede its lack of standing.

## B. Ability of IHC to Satisfy an Attorney's Fees Award

This factor also weighs in favor of a fee award. IHC "is a Utah-based not-for-profit system of 23 hospitals, 170 clinics, a Medical Group with close to 2,300 employed physicians and advanced practice clinicians, a health plans group under the name SelectHealth, and other medical services." "About Us," *available at* https://intermountainhealthcare.org/about. In 2016, IHC reported revenue of $5,619,049,200, and income of $559,799,586. (*See* IHC Form 990, attached as Exhibit B). FirstCare's attorney's fees request is a microscopic fraction of IHC's income, to say nothing of its revenues. Little doubt exists that IHC can satisfy an award of fees.

## C. Deterrence

A fee award would deter other ERISA litigants from pursuing meritless claims after discovering their frivolity. Such needless litigation wastes party, societal, and court resources whether pursued by a large company or a single individual. Here, for example, the court spent time hearing a needless motion to transfer venue, and the parties each drafted motions for summary judgment after the point at which IHC knew that it lacked standing to pursue its claims. A fee award would incentivize parties to evaluate their claims' viability long before the last possible minute.

D.  **Relative Merits of the Parties' Positions**[2]

This factor strongly favors a fee award.  IHC's position was so precarious that it conceded an inability to pursue its claims and stipulated to a dismissal with prejudice.  In relative merit terms, FirstCare's defense resulted in complete success, while IHC had no legal right even to bring a claim.  The fifth factor therefore favors an award of fees to FirstCare.  *See, e.g.*, *Essex v. Randall*, No. DKC 2003-3276, 2005 U.S. Dist. LEXIS 3942, at *27 (D. Md. Mar. 15, 2005) (relative merit factor favored an attorney's fee award in favor of an employee benefit plan when participant admitted no ERISA liability).

Because the first, second, third, and fifth factors support granting FirstCare's motion, and the fourth factor is not relevant, this Court should award FirstCare its reasonable attorney's fees and costs.

II.   **FIRSTCARE'S FEE REQUEST IS REASONABLE**

Courts calculate reasonable fees under § 1132(g)(1) using the lodestar method, which multiplies hours reasonably expended on litigation by a reasonable hourly rate.  *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  FirstCare seeks

---

[2]  The fourth factor—whether the party requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or resolve a significant legal question regarding ERISA—has no application when, as here, a medical provider is asserting an individual collection action against a plan.

an award of $128,733.50 in attorney's fees, as shown in the Greenberg Traurig Billing Chart, attached as Exhibit C. Those amounts are the product of reasonable hours FirstCare's lawyers and paralegals spent on this case multiplied by their reasonable hourly rates.

### A.     The Hours that FirstCare's Attorneys Expended are Reasonable

To determine fee reasonableness, courts look to several factors, including "(1) whether the tasks being billed would normally be billed to a paying client, (2) the number of hours spent on each task, (3) the complexity of the case, (4) the number of reasonable strategies pursued, (5) the responses necessitated by the maneuvering of the other side, and (6) potential duplication of services by multiple lawyers." *Flying J Inc. v. Comdata Network, Inc.*, No. 1:96-CV-066BSJ, 2007 U.S. Dist. LEXIS 84554, at *29 (D. Utah Nov. 15, 2007) (internal quotes omitted). Compensable activities include background research, attorney discussions and strategy sessions, negotiations, motion practice, attending hearings, routine activities such as making telephone calls and reading mail related to the case, travelling when work is being performed, and preparing and litigating a request for attorney's fees. *See, e.g.*, *City of Riverside v. Rivera*, 477 U.S. 561, 573 n. 6 (1986) (allowing compensation for productive attorney discussions and strategy conferences); *Cruz v. Hauck*, 762 F.2d 1230, 1233–34 (5th Cir. 1985) (allowing compensation for

preparing and litigating fee request); *New York State Assoc. for Retarded Children v. Carey*, 711 F.2d 1136, 1146 & n. 5 (2d Cir. 1983) (allowing compensation for background research and reading in complex cases); *Johnson v. University College*, 706 F.2d 1205, 1207 (11th Cir. 1983) (holding that reasonable travel time for the prevailing party's attorneys is ordinarily compensated on an hourly basis); *Munoz v. Kobi Karp Arch. & Interior*, No. 09–21273–Civ, 2010 WL 2243795, *7 (S.D. Fla. May 13, 2010) (compensating for time spent reviewing emails); *Brewster v. Dukakis*, 544 F. Supp. 1069, 1079 (D. Mass. 1982) (compensating for negotiation sessions).

FirstCare includes with this motion documents showing the time spent litigating this case (*see* Ex. C), how FirstCare's lawyers spent that time (*see id.*), and a declaration attesting that the documented time expenditures reflect the reasonable time it took to complete the described tasks, and attesting to the accuracy of the billing records. (*See* Ex. A). Exhibit C shows all the individual time entries in the action. It also contains descriptions of the activities in which the timekeepers engaged, and summarizes the time expended and corresponding fees incurred by each attorney and paralegal.

To produce the submitted documents, FirstCare's attorneys carefully reviewed their internal billing records and exercised "billing judgment," excluding

any hours that they deemed to be excessive, before the invoices were sent to FirstCare. (*See* Ex. A at ¶ 4). Because the hours that FirstCare's attorneys expended were for compensable activities and are reasonable under the circumstances, this Court should use the hours shown in Exhibit C.

### B. FirstCare's Attorneys' Hourly Rates are Reasonable

When determining the appropriate rate to apply to the reasonable hours, "the district court should base its hourly rate award on what the evidence shows the market commands for . . . analogous litigation." *United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 205 F.3d 1219, 1234 (10th Cir. 2000). That market evidence may include declarations from the attorneys seeking fees, and other evidence of what an attorney could charge in the relevant market for similar types of work. *See Case v. Unified Sch. Dist. No. 233, Johnson Cty., Kan.*, 157 F.3d 1243, 1255 (10th Cir. 1998).

Here, FirstCare's lead counsel is the global co-chair of an international law firm's ERISA litigation practice group. (Ex. A at ¶ 2). Mr. Wozniak has litigated many ERISA disputes, including benefits actions like this case. (*Id.*). The other attorneys and paralegals staffed on this case also bring a wealth of litigation experience to this matter. (*See, e.g.*, Biography of Lennon Haas, attached as Exhibit D). For their services, FirstCare requests $695/hour for Mr. Wozniak; $395/hour for

Lennon Haas; $250/hour for Michael Shin (paralegal); and $290/hour for Devora Nealy (paralegal). (Ex. A at ¶ 5). These are the rates that FirstCare negotiated with Greenberg Traurig and represent a discount to Greenberg Traurig's rack rates, especially those for Todd Wozniak (normally $825/hour) and Lennon Haas (normally $515/hour), the primary timekeepers on this matter.

These rates reflect the expertise of Greenberg Traurig's attorneys, as well as the nationalized nature of the market for ERISA litigation. (*See* Ex. A at ¶ 7). An exclusively federal creature, ERISA litigation transcends geography (except insofar as different circuits interpret ERISA differently). (*Id.*). In doing so, the practice results in ERISA practitioners being located across the country, working on matters physically distant from their home bases. (*Id.*). The rates charged by ERISA specialists, including those charged here by Greenberg Traurig, thus reflect that nationalized practice environment and are appropriate for this type of litigation.

## CONCLUSION

For these reasons, FirstCare asks the Court to grant its motion for attorney's fees and award FirstCare $128,733.50 in fees.

Respectfully submitted, this 9th day of April, 2019.

*/s/ Todd D. Wozniak*
Matthew L. Crockett
Utah Bar No. 09521
crockettm@gtlaw.com

- 12 -

> Todd D. Wozniak
> Georgia Bar No. 777275
> wozniakt@gtlaw.com
> *Admitted Pro Hac Vice*
> Lennon B. Haas
> Georgia Bar No. 158533
> haasl@gtlaw.com
> *Admitted Pro Hac Vice*
>
>
> **GREENBERG TRAURIG, LLP**
> Terminus 200 – Suite 2500
> 3333 Piedmont Road
> Atlanta, GA 30305
> Tel: (678) 553-2100
> Fax: (678) 553-2154
>
> *Counsel for SHA, LLC,*
> *d/b/a FIRSTCARE HEALTH PLAN*

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH
## CENTRAL DIVISION

| | |
|---|---|
| IHC HEALTH SERVICES, INC., dba INTERMOUNTAIN MEDICAL CENTER, ) ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | CIVIL ACTION FILE NO. 2:18-cv-667-BSJ |
| SHA, LLC, d.b.a. FIRSTCARE HEALTH PLANS, ) ) ) ) | |
| Defendant. ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on April 9, 2018, I electronically filed the foregoing document using Court's CM/ECF system, which will send notice of electronic filing to all counsel of record. I also certify that the foregoing document is being served this day on the following counsel of record via U.S. first class mail:

Marcie E. Schaap, Esq.
Joseph D. Amadon, Esq.
Marcie E. Schaap, Attorney at Law, P.C.
4760 S. Highland Drive #333
Salt Lake City, Utah  84117
marcie@marcieeschaap.com
joe@marcieeschaap.com

- 2 -

This 9th day of April, 2018.

                                         */s/ Todd D. Wozniak*
                                         Todd D. Wozniak